DA 07-0465

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 348N

MONTANA RAIL LINK, INC., a
Montana Corporation,

   Plaintiff and Appellee,

 v.

MARY ELLEN WESTWOOD, et al.

   Defendant and Appellant.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
       In and For the County of Yellowstone, Cause No. DV 05-25
       Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Mary Ellen Westwood, Pro Se; Billings, Montana

   For Appellee:

     Christopher B. Swartley, Attorney at Law; Missoula, Montana

         Submitted on Briefs: August 19, 2008

            Decided: October 15, 2008

Filed:

     _____
          Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Mary Ellen Westwood appeals from the District Court's order granting summary judgment to plaintiff Montana Rail Link, Inc. (MRL). Westwood leased property from MRL pursuant to a written lease agreement. MRL terminated the lease pursuant to its terms for Westwood's failure to pay rent and property taxes. MRL then brought this action to quiet title to the property. MRL moved for summary judgment, Westwood replied and, after hearing, the District Court issued an order granting MRL's motion.

¶3 Westwood's primary argument on appeal is that material issues of fact exist which make the entry of summary judgment improper. Specifically, Westwood asserts she can establish that MRL promised to enter a new and different lease with Westwood and that because of the doctrine of promissory estoppel, MRL is estopped from quieting title.

¶4 Westwood did not dispute many facts before the District Court. Westwood did not challenge that she was bound by the written lease and that a new lease was never agreed upon. Westwood does not argue that she relied on promises establishing a new lease;

2

rather, she asserts that she relied on a promise from MRL that it would enter into a new lease with her.

¶5 The District Court was able to rule on Westwood's promissory estoppel claim as a matter of law. Even assuming MRL told Westwood that it would at some point enter a new lease with her, such communication does not create a new lease, would not relieve Westwood of her obligations under the existing lease, nor prevent MRL from terminating the existing lease based on Westwood's breaches of the existing lease.

¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶7 We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS

3